Opinion issued April
12, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01053-CR

____________

 








DWIGHT JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1294527

 

 



MEMORANDUM
OPINION








          Appellant,
Dwight Jones, pleaded guilty to the felony offense of possession of a
controlled substance[1]
and pleaded true to the allegations in a felony enhancement paragraph.[2]  The trial court found appellant guilty, found
the enhancement true, and, in accordance with the terms of appellant’s plea
bargain agreement with the State, sentenced appellant to confinement for six
years in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.  We
dismiss the appeal. 

In a plea bargain case, a defendant
may only appeal those matters that were raised by written motion filed and
ruled on before trial or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  The record supports the
trial court’s certification. See Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]
              See Tex. Health & Safety Code
Ann. § 481.115(a), (d) (West 2010).

 





[2]           See Tex.
Penal Code Ann. § 12.42(b) (West Supp. 2011).